FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD W. PEREDNIA, Personal Representative of the ESTATE OF QUY BARRIER; and CHARLES J. BARRIER, Trustee of THE JOHN CLAUDE BARRIER IRREVOCABLE TRUST,<br><br>                  Plaintiffs,<br><br>   v.<br><br>BANK OF AMERICA, N.A.,<br><br>                  Defendant. | NO. 2:24-CV-0281-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 5). The Court has reviewed the record and files herein, and is fully informed, finding oral argument unnecessary. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

## BACKGROUND

This matter arises out of fraud perpetrated on bank accounts opened with Defendant. On January 28, 2020, John Claude Barrier died, leaving a Trust ("the Trust") to co-trustees Charles Barrier, Linwood Sampson, and Quy Barrier. ECF No. 1-1 at 3, ¶¶ 2.4–2.5. On April 30, 2020, the co-trustees established a bank account with Baird Financial on behalf of the Trust. *Id*., ¶2.5. On December 8, 2020, Ms. Barrier opened an account for the Trust with Defendant Bank of America, representing that she was the sole trustee, and that Mr. Barrier and Mr. Sampson were successor trustees. *Id*. at 3–4, ¶¶ 2.6–2.7. Ms. Barrier also maintained a personal account with Defendant. *Id*. at 4, ¶ 2.9.

Ms. Barrier, who was in her late sixties at the time of incident, allegedly fell victim to nefarious individuals who directed her to withdraw and transfer funds, demonstrated by a series of transactions occurring in late 2022 and early 2023. On December 12, 2022, Ms. Barrier withdrew $135,000 from her personal account as a cashier's check made out to David Rigwald. ECF No. 1-1 at 4, ¶ 2.11. On January 13, 2023, she withdrew $351,000 from her personal account as a cashier's check made out to herself. *Id*., ¶ 2.12. On January 31, 2023, she transferred $1.5 million from the Baird Financial trust account to the Bank of America trust account. *Id*., ¶ 2.13. On February 1, 2023, she transferred $1.2 million from the Baird Financial trust account to the Bank of America trust account. *Id*., ¶ 2.14. On

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

February 2, 2023, Ms. Barrier transferred $1.2 million from the Bank of America trust account to her personal account. *Id.*, ¶ 2.15. On February 3, 2023, she made a withdrawal of $425,000 from her personal account via a cashier's check to Robert Rehfuss. *Id.*, ¶ 2.16. On February 7, 2023, she made a withdrawal of $500,000 from her personal account, via a cashier check to herself. *Id.*, ¶ 2.17. On February 27, 2023, she transferred $200,000 from the Bank of America trust account to her personal account. *Id.* at 5, ¶ 2.18. On February 28, 2023, she withdrew $370,000 from her personal account via cashier's check made out to Servio Assurance, LLC. *Id.*, ¶ 2.19. On May 19, 2023, she transferred $1.5 million from the Baird Financial trust account to the Bank of America trust account. *Id.*, ¶ 2.20. Between May 23 and May 30, 2023, Ms. Barrier withdrew $797,000 from the Bank of America trust account. On June 9, 2023, she transferred $38,000 from the Bank of America trust account to her personal account. *Id.*, ¶ 2.23.

On June 9 and June 10, 2023, Charles Barrier reported concerns about Ms. Barrier's financial activity to a Bank of America branch in Woodinville, Washington, but was not provided any information and the account was not frozen despite presenting a copy of the trust instrument. *Id.*, ¶¶ 2.26–2.28. On June 12, 2023, Mr. Barrier presented a copy of the trust instrument to a Bank of America Branch in Spokane, Washington, and was denied information. *Id.*, ¶¶ 2.32–2.33.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

1  The employee working that day stated that she needed to seek approval from the
2  Bank of America Legal Department before disclosing any information to co-
3  trustees. *Id.*, ¶ 2.34.
4      Also on June 12, 2023, Ms. Barrier made an international wire transfer in the
5  amount of $518,000 from the Bank of America trust account to Yang Junjie. *Id.*, ¶
6  2.36. She made another wire transfer on June 27, 2023, in the amount of $97,609
7  from her personal account Hang Seng Bank Ltd. *Id.*, ¶ 2.37. After these
8  transactions, Mr. Barrier was able to obtain financial statements for the Bank of
9  America accounts from Ms. Barrier and discovered the numerous transfers of the
10 funds to third parties, both in the United States and in China. *Id.*, ¶¶ 2.38–2.39. In
11 total, Ms. Barrier transferred $4,200,000 from the shared Baird Financial trust
12 account, withdrew $1,905,609 from her personal account with Bank of America,
13 and $1,315,000 from the trust account with Bank of America. Mr. Barrier reported
14 the transfers to law enforcement, and at least one individual has been apprehended.
15 *Id.*, ¶¶ 2.41–2.42. Ms. Barrier died on December 10, 2023. *Id.*, ¶ 2.43.
16     Plaintiffs filed this lawsuit on July 15, 2024, in the Spokane County Superior
17 Court, alleging aiding and abetting breach of fiduciary duty, negligence, and
18 breach of contract. ECF No. 1. Defendant removed this action on August 16,
19 2024, and now moves to dismiss the action based on failure to state a claim.
20 Specifically, Defendant argues that it is completely shielded from liability from the

1 Financial Institution Individual Account Deposit Act, RCW 30A.22, it has no
2 independent duty to Plaintiffs, Plaintiffs' claims are preempted by Article 4A of
3 the UCC, and that Plaintiffs will be unable to sustain their aiding and abetting,
4 negligence, or breach of Deposit Agreement claims.  ECF No. 5 at 12–20.
5 Moreover, Defendant asserts that Plaintiffs lack standing to assert one or more of
6 their alleged claims.  *Id*. at 21–22.

## DISCUSSION

### I.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted."  A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences . . . to defeat a motion to dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is,

the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

## II.  The Deposit Act

Defendant asserts that it cannot be held liable for any damage as a result of the transferred funds because the Washington State Deposit Act shields it fully from liability. In relevant part, the Deposit Act states:

> In making payments of funds deposited in an account, a financial institution may rely conclusively and entirely upon the form of the account and the terms of the contract of deposit at the time the payments are made. A financial institution *is not required to inquire* as to either the source or the ownership of any funds received for deposit to an account, or to the proposed application of any payments made from an account. Unless a financial institution has actual knowledge of the existence of dispute between depositors, beneficiaries, or other persons claiming an interest in funds deposited in an account, all payments made by a financial institution from an account at the request of any depositor to the account and/or the agent of any depositor to the account in accordance with this section and RCW 30A.22.140, 30A.22.150, 30A.22.160, 30A.22.170, 30A.22.180, 30A.22.190, 30A.22.200, and 30A.22.220 shall constitute *a complete release and discharge of the financial institution from all claims* for the amounts so paid regardless of whether or not the payment is consistent with the actual ownership of the funds deposited in an account by a depositor and/or the actual ownership of the funds as between depositors and/or the beneficiaries

1 | of P.O.D. and trust accounts, and/or their heirs, successors, personal representatives, and assigns.

2

3 | RCW § 30A.22.120 (emphasis added)

4 |     Plaintiffs argue that the Deposit Act is inapplicable to their claim because it
5 | requires that at issue account be held by human beings and that financial
6 | institutions are not shielded from liability by accepting deposits that would conflict
7 | with any other applicable state or federal law. ECF No. 12 at 3–4. First, the
8 | statute explicitly says that "actual notice" requires written notice to a branch
9 | manager or an officer of the financial institution. RCW § 30A.22.040(2). The
10 | Complaint states Defendant Bank of America received notice of the fraudulent
11 | activity and dispute surrounding the Trust in person both at the Woodinville branch
12 | and later at a Spokane branch. ECF No. 1-1 at 5–6, ¶¶ 2.26–2.35. However,
13 | neither of these forms of notice comply with the Deposit Act. As to the issue of
14 | the "depositor," Ms. Barrier was the individual in charge of the Trust account
15 | opened with Defendant. ECF No. 1-1 at 3–4, ¶¶ 2.6–2.8. Moreover, this specific
16 | provision of the Deposit Act explicitly states that, absent actual knowledge, the
17 | institution is not liable for payment made by, "any depositor to the account," here
18 | being Ms. Barrier. And because Defendant Bank of America is not required to
19 | inquire into the source or the ownership of the funds received, Plaintiffs have
20 | failed to allege that Bank of America had actual knowledge that Ms. Barrier was

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

operating erroneously. *See Matter of Estate of Ridley*, 195 Wn. App. 1001 (2016). Based on the plain language of the statute, any duty Defendant Bank of America may have breached does not result in cognizable damages because it is released from liability. Plaintiffs have failed to state a claim on which relief may be granted.

Because the Deposit Act shields Defendant from all claims against it related to transactions of funds deposited into an account, amendment would be futile. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED with prejudice.**

The District Court Executive is directed to enter this Order and Judgment, furnish copies to counsel, and **CLOSE** the file.

DATED March 19, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8